Julius Helfand, J.
Defendant moves for leave to withdraw his plea of not guilty so as to enable him to demur to the indictment on the ground of lack of jurisdiction of the Grand Jury (Code Crim. Pro., § 323, subd. 1).
The record shows that on December 16, 1964 defendant was first indicted for the crime herein involved. His demurrer to that indictment was allowed by another Justice of this court, and the order entered thereon on February 19,1965 directed the District Attorney to “resubmit the within case to the same or another Grand Jury.” On May 28,1965 the case was resubmitted to the Grand Jury and the present indictment found.
Defendant, relying on sections 317, 318, 319, 327, 328 and 329 of the Code of Criminal Procedure, contends that the District Attorney’s failure to resubmit the case to the “ same ” Grand Jury in February, 1965 or to the next Grand Jury in March, 1965 barred his subsequent indictment in May, 1965.
Section 327 of the Code of Criminal Procedure, provides that if a demurrer is allowed “ the judgment is final upon the indictment demurred to, and is a bar to another prosecution for the same offense, unless the court * * * direct the ease to he resubmitted to the same or another grand jury.”
Section 329 of the Code of Criminal Procedure provides that if the court directs the case to be resubmitted “ the same proceedings must be had thereon, as are prescribed in sections three hundred and eighteen and three hundred and nineteen.”
Section 318 of the Code of Criminal Procedure says that “ If the court direct that the case be re-submitted, the defendant, if already in custody, must so remain * * * or if already admitted to bail * * * the bail * * * is answerable for the appearance of the defendant to answer a new indictment.”
Section 319 of the Code of Criminal Procedure provides that unless a new indictment is found * ‘ before the next grand jury of the county is discharged, the court must, on the discharge of such grand jury, make the order prescribed by section three hundred and seventeen and section 317 of the Code of Criminal Procedure says that if a motion to dismiss an indictment is granted, the defendant must be discharged or his bail *965 exonerated “ unless the court direct that the case be re-submitted to the same or another grand jury.”
As the court reads these sections, the fact that after a demurrer is allowed the case is not resubmitted to the “next” Grand Jury does not bar a subsequent resubmission to and indictment by “another” Grand Jury, if the court so directs. At most, it affords a defendant the right to seek discharge from custody or exoneration from bail pending the resubmission and reindictment.
People v. Whiting (126 N. Y. S. 1080 [Supreme Ct., Erie County, Jan. 1911]) appears to be the only ease bearing on the question presented. There, defendant was indicted on June 9, 1910. The court allowed his demurrer to the indictment and directed the case to be resubmitted to the Grand Jury ‘ ‘ next to be convened ” in the county. The next Grand Jury was convened on November 14, 1910. During that term the District Attorney procured an order from the court modifying the June order so as to allow the presentation of the case to the Grand Jury next scheduled to be convened after the November Term,— in February, 1911. Before the latter date, defendant moved to set aside the order extending the District Attorney’s time to resubmit the case to the Grand Jury. Upon the argument of the motion defendant relied on the same sections of the code as does defendant herein. The court in denying the application stated in part (p. 1082):
“These sections are framed as a guard against a party being indefinitely retained in custody, or that his bail should be required for an indefinite period when no action is being taken to submit the charge to a grand jury; but no mention is made in any section about discharging a defendant when not in custody, or dismissing the charge after an order has once been made for a resubmission. They do not deprive the court of authority, but extend the right to the court to direct a resubmission when proper.
“If the defendant’s contention is correct, all the defendant would have to do to shield himself from indictment after a demurrer had been sustained and resubmission directed would be to have the witnesses for the people outside the jurisdiction of the court during the term when resubmission was to take place, and then, no matter how serious the charge, the court would be required to discharge him; be powerless to modify or extend the provisions of the former order. * * * If the court, upon sustaining the demurrer, had failed to direct that the case be resubmitted, then no further prosecution could be had; but, the court having made direction for resubmission as *966 provided by section 327, the court thereafter had the right to modify its own order by changing the time for resubmission.” (Italics supplied.)
In the present case no modification or change in the original order is needed, since that order contained the broad direction for resubmission of the case to “ another ” Grand Jury.
As stated, this application for leave to withdraw the not guilty plea is made solely for the reason that defendant desires to demur to the indictment upon the ground hereinbefore set forth. Inasmuch as the court holds this ground untenable, the application is denied.